**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

WILLIAM JAY PRICE,

                Plaintiff - Appellant,

   v.

STEPHANIE BRAZIER,

                Defendant - Appellee.

No. 14-15708

D.C. No. 1:13-cv-01141-MJS

MEMORANDUM[*]

Appeal from the United States District Court
for the Eastern District of California
Michael J. Seng, Magistrate Judge, Presiding[**]

Submitted April 22, 2015[***]

Before:     GOODWIN, BYBEE, and CHRISTEN, Circuit Judges.

    William Jay Price, a civilly committed resident of California's Sex Offender

Commitment Program, appeals pro se from the district court's judgment dismissing

---

    [*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

    [**]     Price consented to proceed before a magistrate judge. *See* 28 U.S.C. § 636(c).

    [***]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

his 42 U.S.C. § 1983 action alleging First and Fourteenth Amendment violations. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a dismissal under 28 U.S.C. § 1915(e)(2)(B)(ii). *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (order). We affirm.

The district court properly dismissed Price's First Amendment retaliation claim regarding termination of therapy because Price failed to allege facts sufficient to show that defendant Brazier's actions did not reasonably advance a legitimate correctional goal. *See Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005) (setting forth the elements of a retaliation claim in the prison context); *Pratt v. Rowland*, 65 F.3d 802, 806 (9th Cir. 1995) ("The plaintiff bears the burden of pleading and proving the absence of legitimate correctional goals for the conduct of which he complains."). To the extent that Price intended to raise a First Amendment retaliation claim regarding a failure to protect, dismissal would have been proper because Price failed to allege facts sufficient to show that Brazier's actions had a chilling effect. *See Rhodes*, 408 F.3d at 568 (a plaintiff must show that the adverse action at issue "would chill *or* silence a person of ordinary firmness from future First Amendment activities." (citation and internal quotation marks omitted)).

The district court properly dismissed Price's Fourteenth Amendment claim

14-15708

because Price failed to allege facts sufficient to show that Brazier's decisions were "a substantial departure from accepted professional judgment, practice, or standards." *See Youngberg v. Romeo*, 457 U.S. 307, 323 (1982) (decisions of professionals are "presumptively valid"); *see also Houghton v. South*, 965 F.2d 1532, 1536 (9th Cir. 1992) (plaintiff must prove that the mental health professional's decisions reflected a "conscious indifference amounting to gross negligence").

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009) (per curiam).

**AFFIRMED.**

14-15708